IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>PEDRO DANIEL TORRES-CALDERA (01),<br><br>    Defendant. | Case No. 19-20024-01-DDC |

**MEMORANDUM AND ORDER**

Defendant Pedro Daniel Torres-Caldera has filed a "Motion to Set Aside, Vacate or Correct the Sentence" (Doc. 115). This motion stems from guilty pleas to violating Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846 (Count 1 of the Indictment, Conspiracy to (a) Distribute and Possess with Intent to Distribute More than 1 Kilogram of Heroin; and (b) Maintaining a Drug-Involved Premises) and, separately, 18 U.S.C. § 924(c)(1)(A)(i) (Count 15, Possession of a Firearm in Furtherance of a Drug Trafficking Crime). The court sentenced defendant to 120 months on Count 1 and 60 months on Count 15—the two terms served consecutively. Doc. 66 at 1 (Judgment in a Criminal Case).

The motion advances two distinct arguments for relief. The court addresses them, below.

*First*, Mr. Torres-Caldera contends that § 924(c) is "unconstitutionally and it is not a crime of violence." Doc. 115 at 1. He then cites *Johnson v. United States* for its holding that the residual clause of § 924(c)(3)(B) is unconstitutionally vague. 576 U.S. 591 (2015). But the problem for Mr. Torres-Caldera is that he wasn't convicted of possessing a firearm during a crime of violence. He pleaded guilty to possessing a firearm *in furtherance of a drug trafficking crime*. Doc. 66 at 1 (Judgment in a Criminal Case). The court didn't sentence him under the residual clause for the definition of a crime of violence. So neither that definition nor its

infirmity played any role in defendant's sentence.  *See United States v. Pitt*, 672 F. App'x. 885, 886 (10th Cir. 2017).[1]

*Second*, Mr. Torres-Caldera argues that he's entitled to relief under Amendment 821 to the United States Sentencing Guidelines.  He asserts—correctly—that he's a zero-point offender.  Doc. 115 at 1–2 (defendant's motion) and Doc. 60 at 14 (Presentence Investigation Report).  But there's a problem with this zero-point offender argument.  Mr. Torres-Caldera pleaded guilty to possessing a firearm during a drug trafficking crime.  Doc. 60 at 2.  And his offense conduct established that Mr. Torres-Caldera *personally* possessed a firearm in connection with his drug offense.  *See* Doc. 60 at 7–8 (Presentence Investigation Report) (describing how Mr. Torres-Caldera carried a Sig Sauer .45 caliber handgun in his waistband during a heroin sale and on inquiry by the buyer—an undercover officer—removed the gun and handed it to the officer, who then completed his purchase of two ounces of heroin from defendant).  Section 4C1.1(a) codifies the zero-point offender aspect of Amendment 821.  And subsection (7) of this provision disqualifies a zero-point defendant from receiving the provision's two-level decrease when he possessed a firearm "in connection with the offense."  § 4C1.1(a)(7).

In sum, defendant Mr. Torres-Caldera has failed to identify any basis for the relief sought by his motion.  So, there's no basis to set aside, vacate, or correct his sentence.  The court thus dismisses his motion because he's demonstrated no jurisdictional basis for the court to amend his sentence.

**THEREFORE, IT IS HEREBY ORDERED** that defendant Pedro Daniel Torres-Caldera's "Motion to Set Aside, Vacate or Correct the Sentence" (Doc. 115) is dismissed.[2]

---

[1]    As the Circuit explained in *Pitt*, "Mr. Pitt's sentence enhancement was based on the use of a firearm during a drug trafficking offense under 18 U.S.C. § 924(c)(1)(A).  Section 924(c)(1)(A) provides a mandatory sentence enhancement for the use of a firearm in relation to any 'crime of violence' or 'drug trafficking crime.'  But Mr. Pitt's sentence enhancement was based on a 'drug trafficking crime,' not a 'crime of violence,' so *Johnson* does not apply."  672 F. App'x at 886.

**IT SO ORDERED.**

**Dated this 7th day of February, 2025, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**

---

[2]    The court dismisses the motion because it asks the court to "set aside, vacate, or correct *the sentence imposed*[.]" Doc. 115 at 1 (emphasis added).  Also, his motion invokes 18 U.S.C. § 3582(c)(2).  But the court lacks any statutory basis to modify his sentence, so it lacks jurisdiction to do so.  This conclusion means dismissal—not denial—is appropriate.  To the extent that Mr. Torres-Caldera seeks to vacate his conviction—and that's not how the court reads the motion—the court denies that aspect of his motion.